## CONSTRUCTION OF THE STATUTE RELATING TO SODOMY.

Circuit Court of Richland County.

DAN FRANKLIN v. STATE OF OHIO.

Decided, September 9, 1910.

*Criminal Law—Prosecution for Sodomy—Construction of the Statutory Phrase "Any Opening of the Body"—Section 13043.*

The word body as used in Section 13043, General Code, is not restricted in meaning to the human trunk excluding the head and limbs, but is synonymous with the words "person" or "human being."

*Van C. Cook* and *C. L. McClellan,* for plaintiff in error.
*Jas W. Galbreath,* Prosecuting Attorney, contra.

BY THE COURT (TAGGART, DONAHUE and VOORHEES, JJ.)

The question in this case arises upon the construction which the court of common pleas gave to Section 7020-1 of the Revised Statutes of Ohio (General Code, 13043), or more particularly to that part of the section wherein the court instructed the jury as to the meaning of the word "body." The court, in its instruction to the jury, defined the word "body" as synonomous with

"person" or "human being." If this was a correct construction, then the verdict and judgment was right.

It is contended by plaintiff in error that that the true construction to be given to this section of the statute, and to this portion thereof, is that the word "body" is to be construed as the human trunk excluding the head and limbs. If that is the true construction of this section of the statute, then the verdict and judgment was not sustained by the evidence and the instruction of the trial court was erroneous and prejudicial.

At common law, the crime of sodomy would not have been established by the proof in this case, but this crime was not recognized as a crime in the state of Ohio until the enactment of this section of the statute, and we think the manifest purpose and object of this section of the statute was to punish this character of unnatural crimes.

The contention of counsel for plaintiff in error that criminal statutes should receive strict construction and be limited to the express terms of the statute is undoubtedly correct, and the courts have uniformly so held as a safeguard to the rights of the citizen, but our Supreme Court, in a recent decision in the case of *Conrad, alias Castor,* v. *State of Ohio,* 75 O. S., 52, lays down this rule:

"The rule as to strict construction of penal statutes does not require the courts to go to the extent of defeating the purpose of the statute by a severely technical application of the rule."

As we have said, we think the purpose of the enactment of this statute was to punish this unnatural crime, and approved lexicographers define "body" as a "person," a "human being," and with such a construction as this, and the manifest purpose of the Legislature in enacting the law, we are not inclined to say that the construction the court of common pleas placed upon this section of the statute was wrong, nor to adopt such a severe technical construction as would defeat the manifest purpose of the Legislature in its enactment.

Finding no error in this record to the prejudice of the plaintiff in error, the judgment of the court of common pleas is affirmed with costs and remanded for execution.

Exceptions of plaintiff in error noted.